UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WILLIAM H. BOADA, ET AL.**                        CIVIL ACTION

**VERSUS**                                          NO. 12-3008
                                                    C/W 13-243
                                                    Pertains to:
                                                    ALL CASES

**JOHN YOUNG, ET AL.**                              SECTION: "B"

ORDER AND REASONS

Before the Court is Defendants' 12(b)(1) Motion to Dismiss. (Rec. Doc. No. 8). Plaintiffs filed an opposition thereto. (Rec. Doc. No. 30).

Accordingly, and for the reasons articulated below, **IT IS ORDERED** that Defendants' Motion to Dismiss (Rec. Doc. No. 8) is **DENIED**.

Procedural and Factual History

This case originally began when the then-commissioners of the Jefferson Parish Housing Authority ("JPHA"), William H. Boada, Hunley P. Dufour, Patrick A. Pierson, Simone Scanio, and Mary Snowden ("Boada litigants") - Plaintiffs in the original action and Defendants in the consolidated action) - instituted Civil Action No. 12-3008 on December 19, 2012. (Rec. Doc. No. 1). The Boada litigants instituted this action following their removal, on December 14, 2012, from their positions as Commissioners of the

1

Jefferson Parish Housing Authority. (Id.). The Boada litigants raised claims under both the Constitutions of United States and Louisiana. (CA 12-3008, Rec. Doc. No. 1, at 19-23).

On January 27th, 2013, the Parish of Jefferson filed a temporary restraining order in the 24th Judicial District Court of the Parish of Jefferson against the Boada litigants to enjoin them from participating in JPHA meetings or acting as JPHA Commissioners. (CA 13-243, Rec. Doc. No. 1-2). On February 7, 2013, Defendants filed a Notice of Removal for the state court action based on supplemental jurisdiction of the already pending action before this Court (Civ. Action No. 12-3008). (Rec. Doc. No. 1). On February 21, 2013, the two pending Federal actions were consolidated. (Rec. Doc. No. 17). Also on February 21, 2013, this Court granted a Temporary Restraining Order enjoining the Commissioners from appearing at JPHA Board Meetings until March 1, 2013 - the date on which a hearing pursuant to La. R.S. 40:537 was to be held before the Jefferson Parish Council on whether the removal of the Boada litigants from their offices as Commissioners would be upheld. (Rec. Doc. No. 18).

On March 1st and 4th, 2013, the Jefferson Parish Council held a hearing on the Boada litigants' appeal. (Rec. Doc. No. 25, at 2). At the conclusion of that hearing, the defendant Council members voted to uphold Parish President John Young's removal of Plaintiffs for neglect of duty. (Rec. Doc. No. 25, at 3).

2

Subsequently, on March 14, 2013, the former commissioners brought a Motion for a Temporary Restraining Order and Preliminary Injunction before this Court alleging that the Council had made the decision to uphold the removal in an illegal executive session that was in violation of the Louisiana Open Meetings Law. (Id.) The Boada litigants further requested that the Defendants be restrained from: (1) appointing any Commissioners on the JPHA Board to replace Plaintiffs, or (2) interfering with Plaintiffs' performance of their functions as duly-appointed Commissioners of the JPHA Board at regularly scheduled meetings or otherwise. (Rec. Doc. No. 25). This Court denied the motion in light of "(1) the fact that new Commissioners have already been appointed, potentially making these motions moot; (2) unresolved jurisdictional issues; and (3) the plaintiffs have not demonstrated irreparable injury." (Rec. Doc. No. 28).

## Law and Analysis

**A. Defendants' Motion to Dismiss**

At the time that this motion was filed, there was a pending hearing on Plaintiffs' appeal to the Jefferson Parish Council for a review of Parish President John Young's decision to terminate them as Council Members of the Jefferson Parish Housing Authority. (Rec. Doc. No. 8-1, at 6). Based on the pending hearing, Defendants argued that this Court should either dismiss Plaintiffs'

case, abstain from hearing the Plaintiffs' claims and stay, or administratively close the action until the conclusion of the ongoing administrative proceedings so as to avoid potentially conflicting decisions. (Id., at 7). As the Parish Appeals process has concluded and the decision to uphold the removal of the former board members was upheld (Rec. Doc. No. 25, at 3), these arguments are moot.

Under 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. A case arises under federal law if it is apparent from the face of the plaintiff's complaint either that (1) Plaintiff has a cause of action under federal law, or (2) although Plaintiffs's claims are based on state law, federal law is an essential component of the plaintiff's complaint. *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 312 (2005).

The Boada litigants' initial complaint filed in Federal Court alleged a myriad of federal and state constitutional issues. (Rec. Doc. No. 1, at 19-23). They concluded that there were violations of their freedom of expression and freedom of assembly under the First and Fourteenth Amendments, of their Due Process rights under the Fifth and Fourteenth Amendments, and of their Equal Protection rights under the Fourteenth Amendment of the United States Constitution. (Id.). The thrust of Plaintiffs' claims appear to be

based on alleged retaliation for their retention of a JPHA Executive Director and the subject, in part, of a critical audit report by the Office of the Inspector General (OIG). The 26-page long complaint is filled with various other conclusory allegations that attempt to raise questionable federal jurisdictional issues, which were of concern during the hearing on the request for a temporary restraining order before Judge Duval. (Rec. Doc. No. 28).

Accordingly, and for the reasons articulated above, **IT IS ORDERED** that Jefferson Parish's Motion to Dismiss is **DENIED** insofar as that motion asserts failure to exhaust available state remedies.

New Orleans, Louisiana, this 4th day of April, 2013.

_____
UNITED STATES DISTRICT JUDGE